GREEN *v.* BICKFORD.

In an action by an indorsee against the maker of a promissory note transferred for value before maturity, the defence of want of consideration, or that the note was given for a worthless patent, or for an article not patented, but fraudulently represented to be, cannot be made, if the indorsee, at the time of the transfer, had no knowledge or notice of the facts relied on as a defence.

Mere suspicion of facts, which would be a defence to a note in the hands of the payee, is not notice of, and does not put the indorsee upon inquiry as to, such facts.

ASSUMPSIT, by an indorsee of a promissory note against the maker. The plaintiff had a verdict, and the defendant moved for a new trial. The facts are given in the opinion.

*Twitchell & Evans* and *Ladd & Fletcher*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendant.

ALLEN, J. The note was given by the defendant to the payees for the right to manufacture, sell, and use, in Minnesota, a patent mop-wringer, and by them, for value, indorsed and delivered to the plaintiff before maturity. The evidence tended to show that the wringer was not a new or useful invention, but worthless; and that the defendant was induced to buy it and give the note on the vendors' fraudulent representations. The only evidence that the wringer was patented was the recital of the fact in the deed from the vendors to the defendant. The defendant requested the instruction to the jury that there was no competent evidence of a patent, and therefore no evidence of a consideration for the note. The court refused this request, and gave the instruction that a note given for a patent right for an invention neither new nor useful, or obtained by fraudulent representations of its validity, was without sufficient consideration, and void in the hands of the payees or of an indorsee with notice.

The action being by an indorsee of the note transferred for value before maturity, want of consideration was not a defence unless known to the plaintiff, or he was put upon inquiry in regard to it at the time of the transfer. If the plaintiff had notice of the defect in the note, and the consideration was not wanting, in the absence of fraud he still might recover. The signature of the note being unquestioned, the note itself was *prima facie* evidence of a consideration. *Horn* v. *Fuller*, 6 N. H. 511; *Coburn* v. *Odell*, 30 N. H. 540. The plaintiff, having read the note to the jury, could rest on this evidence of a consideration until it was rebutted or

controlled by evidence of a want of consideration. The deed of the patent right from the payees of the note to the defendant was read in evidence by him; and conceding that the recital in the deed that letters patent had been issued was no evidence of a patent and no evidence of a consideration for the note, it certainly was not evidence of the want of letters patent nor of a want of consideration, to contradict or rebut the plaintiff's evidence of a consideration. No evidence of letters patent was not evidence for the defendant that no patent existed; and could the jury have inferred, from the fact that the plaintiff exhibited no evidence of a patent, that none existed, the court could not have instructed them to disregard the evidence of a consideration imported by the note itself. The request for instructions was properly refused, and the instruction given on the subject was sufficiently favorable to the defendant.

Whether the plaintiff at the time of the transfer had notice of or was put upon inquiry as to the character of the notes, was a question in controversy. The plaintiff's evidence was, that he knew the note was given for the patent right, and before taking it he saw the defendant, who did not want him to purchase this and another note given at the same time for the same consideration, because, if he should, he would have to pay both in money, whereas he had an agreement with the payees to pay one of them in another way. The defendant gave him no information about any defence to the notes, and told him they would be paid, and the plaintiff had no knowledge or suspicion of any defect or want of consideration in the notes. On this evidence the defendant requested the instruction that the plaintiff could not stand any better than the payees. The court refused the request, and instructed the jury that the plaintiff could not recover if he had notice, at the time, of the want of consideration of the note, or of its fraudulent procurement, or of facts which put him upon inquiry about any infirmity in the note.

It is not easy to see from the evidence how the court could have told the jury, as matter of law, that the plaintiff was chargeable with notice of any want of consideration or defect in the note. The sale of a patent right is not, as a matter of law, fraudulent and without legal consideration. Though the business of selling patents and patented articles may be sometimes accompanied by and intermixed with fraud, and promissory notes given in such sales may frequently be the subject of suspicion, mere suspicion of a defect in a note is not notice of the defect, and does not put one, who seasonably takes it by indorsement, upon inquiry. *Perkins* v. *Challis*, 1 N. H. 254. To charge the holder of a note taken in the ordinary course of business, before maturity, with notice of a defence, he must at the time of the transfer have had knowledge of such facts and circumstances as would have impeached the note in the hands of the payee or an antecedent holder. *Goodman* v. *Har-*

*vey*, 4 A. & E. 870; *May* v. *Chapman*, 16 Mees. & W. 355; *Goodman* v. *Simonds*, 20 How. 343; *Perkins* v. *Challis*, 1 N. H. 254; *Farrell* v. *Lovett*, 68 Me. 326. Whether the plaintiff had notice of any infirmity in the note at the time of the transfer was a question of fact, and was submitted to the jury under instructions sufficiently favorable to the defendant, and to which no exception was taken.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.